The Law Offices of
CURTIS, GOODWIN, SULLIVAN,
    UDALL & SCHWAB, P.L.C.
501 East Thomas Road
Phoenix, Arizona 85012-3205
Telephone (602) 393-1700
Kelly Y. Schwab, #014038
kschwab@cgsuslaw.com
Michelle Swann, #019819
mswann@cgsuslaw.com
Melissa A. Parham, #025670
mparham@cgsuslaw.com
Attorneys for Defendant Tim Dorn

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Huminski,<br><br>                    Plaintiff,<br><br>v.<br><br>Maricopa, County of, Maricopa County Attorney's Office, William Montgomery, Mark Faull, Gilbert, Town of, John Lewis, Patrick Banger, Tim Dorn, David Meyer, and Debra Hartin,<br><br>                    Defendants. | CASE NO. CV11-02352-PHX-JAT<br><br>DEFENDANT TIM DORN'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS<br><br>(Assigned to The Honorable James A. Teilborg) |

    Plaintiff's response to Defendant's motion to dismiss fails to demonstrate that he has asserted any legally-cognizable claims against Defendant Town of Gilbert Police Chief Tim Dorn ("Chief Dorn") or that this Court has subject matter jurisdiction over the claims

File: 0578-002-0158-0000; Desc: Defendant Dorn's Reply to Huminski's Opposition to Motion to Dismiss 2-15-12; Doc#: 118865v2

asserted. Accordingly, Chief Dorn renews his request that this Court, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), dismiss Plaintiff's Amended Verified Complaint[1] ("Complaint").

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  CHIEF DORN'S MOTION TO DISMISS WAS NOT FILED "VEXATIOUSLY."**

In his Opposition to Chief Dorn's Motion to Dismiss ("Opposition"), Plaintiff ("Huminski") contends that Chief Dorn has filed "[m]ultiple requests for completely different relief" which "burden the Court and Plaintiff." (Dkt. # 17.)  Chief Dorn timely filed his motion to dismiss because this Court has not ruled on his motion for stay, not to burden this Court or Huminski.  Moreover, the Motion to Dismiss is supported by numerous citations to the law and points out numerous deficiencies in the Complaint that warrant its dismissal.

**II.  HUMINSKI'S REPLY ADDRESSES NONE OF THE ARGUMENTS IN CHIEF DORN'S MOTION TO DISMISS, THUS THE MOTION TO DISMISS SHOULD BE GRANTED.**

Huminski has the burden of proving the existence of subject matter jurisdiction and he clearly has not met that burden.  *Rattlesnake Coalition v. U.S. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007) ("Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence.") (citing *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987)).  Rather, Huminski's Opposition merely: (1) deems the motion to dismiss "vexatious[]"; and (2) states that Huminski plans to file numerous additional amendments to this lawsuit.  (Dkt. # 17.)

---

[1] Though he was never served with the amendments (Dkt. # 9 and 10) to Plaintiff's Amended Complaint (Dkt. # 5), Defendant Dorn's Motion to Dismiss responded to the Complaint as amended.  Defendant Dorn is unaware of any further amendments to the Amended Complaint.

-2-

Huminski's Opposition does not respond to Chief Dorn's arguments that this Court lacks subject matter jurisdiction, that Huminski's Amended Complaint fails to state a claim upon which relief can be granted, or that this Court should alternatively require a more definite statement on Counts Three, Four, and Five. (*Id.*) In effect, it is as if Huminski has not filed a response at all. Chief Dorn therefore requests that this Court grant his motion to dismiss Huminski's Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. *See Frank v. Wells Fargo Bank Nat. Ass'n*, 2011 WL 1480041, *1 (D. Ariz. April 19, 2011) ("Failure to respond alone is grounds for the Court to grant Defendants' motion to dismiss. The Court finds Plaintiff's failure to respond to Defendants' motions constitutes acquiescence to the motions being granted.") (internal citations omitted); *cf. Walsh v. Countrywide Home Loans, Inc.*, 435 Fed.Appx. 607, 608-09 (9th Cir. 2011) (noting that where original response to motions to dismiss "did not directly address any of the arguments advanced in the motions," court "could have dismissed under Federal Rule of Civil Procedure 41(b) at that time.").

Huminski's statements that he plans to file numerous amendments to the Complaint and that he has allegedly filed Notices of Claims with the Town of Gilbert have no bearing on the Complaint's substantive deficiencies. As described in Chief Dorn's Motion to Dismiss, this Court lacks subject matter jurisdiction over Huminski's claims and Huminski's Complaint fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1) and (b)(6).

### III.  CONCLUSION.

Huminski has failed to carry his burden of showing that this Court has subject matter jurisdiction and his Complaint does not state any claim upon which relief can be granted.  Chief Dorn therefore respectfully requests that this Court dismiss the Complaint and assess Chief Dorn's attorneys' fees and costs against Huminski.  *See* 42 U.S.C. § 1988; *Hensley v. Eckerhart*, 461 U.S. 424, 420 n. 2 (1983) (prevailing defendant may recover attorney's fees where suit was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith).

Alternatively, should the Court determine that dismissal is inappropriate, Chief Dorn reiterates his request that this Court require a more definite statement on Counts Three, Four, and Five.

RESPECTFULLY SUBMITTED this 15th day of February, 2012.

CURTIS, GOODWIN, SULLIVAN, UDALL & SCHWAB, PLC

By: s/Melissa A. Parham
    Kelly Y. Schwab
    Michelle Swann
    Melissa A. Parham
    501 East Thomas Road
    Phoenix, Arizona  85012-3205
    Attorneys for Defendant Tim Dorn

File: 0578-002-0158-0000; Desc: Defendant Dorn's Reply to Huminski's Opposition to Motion to Dismiss 2-15-12; Doc#: 118865v2

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2012, I electronically transmitted the attached Reply to Plaintiff's Opposition to Motion to Dismiss to the Clerk's Office of the United States District Court for the District of Arizona, using the CM/ECF System for filing and a copy was sent by U.S. First Class Mail to the following whose registration status is unknown:

Scott Huminski
2624 S. Bahama Drive
Gilbert, AZ 85295
*Plaintiff*


s/Cindy Barton

File: 0578-002-0158-0000; Desc: Defendant Dorn's Reply to Huminski's Opposition to Motion to Dismiss 2-15-12; Doc#: 118865v2